IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 28, 2009

**STATE OF TENNESSEE v. JESSICA PATTON PARKS**

**Appeal from the Criminal Court for Sullivan County**
**No. S53,578    Robert H. Montgomery, Jr., Judge**

**No. E2008-02137-CCA-R3-CD - Filed December 14, 2009**

The Defendant, Jessica Patton Parks, pled guilty to aggravated domestic assault in exchange for a three-year suspended sentence to be served on supervised probation. Following the filing of a revocation warrant and an evidentiary hearing, the trial court found that the Defendant had violated the conditions of her probation and ordered her to serve her sentence in incarceration. In this appeal as of right, the Defendant contends that the trial court abused its discretion by ordering her to serve her sentence in confinement. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P.  3 Appeal as of Right;  Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Stephen M. Wallace, District Public Defender; William A. Kennedy (at hearing and on appeal) and Leslie Hale (at hearing), Assistant District Public Defenders, attorney for appellant, Jessica Patton Parks.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Kaylin Hortenstine, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

**OPINION**

The record reveals that the Defendant was charged by information with aggravated domestic assault and reckless endangerment following an altercation during which she stabbed her boyfriend, Gregory Harper, with a knife while the victim held her three-month-old son, Caleb Vaughn Parks. The incident occurred at the couple's shared residence. Pursuant to a negotiated plea agreement, the Defendant pled guilty on August 3, 2007 to aggravated domestic assault, and the reckless endangerment count was dismissed. The Defendant received a sentence of three years as a Range I, standard offender to be served on supervised probation. In addition to the standard probationary conditions, the trial court ordered the Defendant to attend anger management counseling, complete

an alcohol and drug evaluation and any recommended treatment, and refrain from any violent contact with Caleb Vaughn Parks. The trial court also ordered that the Defendant refrain from any contact with the victim, Mr. Harper, and that she not "live with" any man to whom she is not married.

On July 30, 2008, a probation violation warrant issued alleging that the Defendant had violated the terms of her probation by her arrest for failure to appear, by failing to complete anger management counseling, and by failing to refrain from contact with Mr. Harper. The latter violation regarding contact with Mr. Harper was evidenced by the fact that the Defendant delivered Mr. Harper's daughter in June 2008; according to the Defendant, the child was conceived one week after her release on probation.

At the September 11, 2008 revocation hearing the Defendant admitted to the allegations of the violation warrant. She asked the trial court to place her back onto probation with additional conditions so that she would not lose custody of her infant daughter. Her brief testimony at trial revealed that her son, Caleb, was in the custody and care of her mother and that her daughter was with the victim, Mr. Harper. She also stated that Mr. Harper was seeking custody of the child. After noting the Defendant's failure to complete anger management counseling even when special arrangements had been made to accommodate her pregnancy, the trial court found that the Defendant's almost immediate contact with Mr. Harper when placed on probation was a "flagrant violation" of the conditions of her probation. The trial court revoked her probation and ordered her to serve her sentence in confinement.

On appeal, the Defendant contends that the trial court abused its discretion in ordering her to serve her sentence in confinement when the option of returning her to probation with "more onerous conditions" was available to the trial court. She contends that continued incarceration was not warranted to achieve any rehabilitative results. The State contends that the trial court properly ordered confinement in light of the Defendant's inability to "abide by the very basic conditions of probation." Following our review, we agree with the State.

ANALYSIS

A trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of her release. Tenn. Code Ann. § 40-35-311(e). A trial court is not required to find that a violation of probation occurred beyond a reasonable doubt. Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). The evidence need only show that the court has exercised conscientious judgment in making the decision and has not acted arbitrarily. Id. Our standard of review on appeal is whether the trial court abused its discretion in finding that a violation of probation occurred. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). In order to conclude that the trial court abused its discretion, there must be no substantial evidence to support the determination of the trial court. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Such a finding "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

The record reflects that the defendant admitted to maintaining contact with the victim in violation of her conditions of probation. Indeed, there is no greater proof that the Defendant maintained contact with the victim than the birth of their daughter in June 2008. Additionally, the Defendant failed to attend anger management counseling and also pled guilty to a failure to appear on a previously imposed driving while under the influence probationary sentence. Therefore, we conclude that the trial court did not abuse its discretion in revoking the Defendant's probation and ordering her to serve her sentence in confinement. The judgment of the trial court is affirmed.

## CONCLUSION

In consideration of the foregoing, the judgment of the trial court revoking the Defendant's probation and ordering her to serve the three year sentence in confinement is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE